So ordered, with costs to the defendants. All concur.

---

## WATERMAN *v.* BOWLER.

*(Supreme Court, General Term, Fifth Department.* June, 1892.)

FACTORS—UNAUTHORIZED EXPENDITURES—TIPPING PURCHASER'S SERVANT.

    Where a contract by which plaintiff employed defendant to sell a pair of horses contained stipulations as to plaintiff's liability for their keep, medical attendance, and shoeing, and an agreement that defendant should receive one half of the amount received for the team in excess of a certain sum, a provision that defendant should "handle the team" as he should "see fit" did not render plaintiff liable for a present made by defendant to the purchaser's coachman to effect the sale.

Appeal from judgment on report of referee.

Action by Robert J. Waterman against Addis E. Bowler. From a judgment for plaintiff, entered on report of referee, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Stearns & Warner*, for appellant. *J. G. Record*, for respondent.

DWIGHT, P. J. The action was for money had and received. The plaintiff was the owner of a pair of horses which he sent to the defendant, at Boston, Mass., to sell for him. The defendant sold the horses, and the charge is that he kept back part of the price. And so, it seems, he did, but he seeks to justify his conduct in that respect on the plea that he was compelled to pay "a fee" to the coachman of the purchaser of the team, in order to effect the sale. He contends that this expense was authorized in two ways: *First*, by the true construction of his written contract with the plaintiff; and, *second*, by a special authorization given orally after the execution of the contract. The latter contention was disposed of by the referee when he found, upon conflicting evidence, that no such specific authority was given. The other contention is disposed of by a reading of the contract in writing, which was in the following terms:                                    "BOSTON, May 12, 1888.

"I this day put my team, known as 'Maggie B.' and 'Happy Jack,' into the hands of A. E. Bowler to be sold. I agree to risk their life and health,

and A. E. Bowler agrees to doctor them, in case of sickness, free of charge to me.   A. E. Bowler agrees to keep them two weeks from this date free of charge to me, but after two weeks I promise to pay eighty-five cents per day for the keeping of the two.   In consideration of his (A. E. Bowler's) services, I agree to divide equally all the money received for the team after I receive ($1,300) thirteen hundred dollars.   He (A. E. Bowler) will provide a doctor for the horses in case of sickness, he to pay for the same and no expense to me.   I agree to pay one half the shoeing, and A. E. Bowler to handle the team as he shall see fit.                                    R. J. WATERMAN.
                                                                "A. E. BOWLER."

It is under the provision contained in the last line of this agreement—"A. E. Bowler to handle the team as he shall see fit"—that authority to make a present to the coachman at the expense of the plaintiff is claimed by the defendant.   The proposition admits of no discussion.   Every such expense, and every possible expense to the plaintiff, for whatever should be done in and about the making of the sale of the horses, except those expressly mentioned in the contract, are completely excluded thereby.   It is a case for strict application of the maxim, *expressio unius, exclusio alterius.*   There seem to be no exceptions in the case of greater merit than those already considered.   The judgment should be affirmed.   All concur.